UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - DETROIT

In Re:

Karen A. Graves             Case No. 12-41647
                                     Chapter 13
                                     Honorable Steven W. Rhodes

         Debtor
_____/

Karen A. Graves

         Plaintiff,                           Adv No. 12-04399
v.

Mortgage Electronic Registration
Systems, Inc.
         Defendant.
_____/

ORDER TO DETERMINE THE EXTENT OF THE LIEN
America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc.

      This matter having come on to be heard upon the stipulation by Creditor/Defendant America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc., and Debtor, Karen A. Graves; and the Court being fully advised on the premises:

      IT IS HEREBY ORDERED that the upon successful completion of Debtor's Chapter 13 Plan, as amended if applicable, the June 10, 2005 mortgage recorded on November 10, 2005 at the register of deeds for Wayne County at Liber 43808, Page 1147-1155 now held by America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc., which encumbers the Debtor's real property situated in the City of

Belleville, County of Wayne, commonly known as 1045 West Huron River Drive Belleville, MI, 48111, shall be extinguished, terminated and discharged.

The legal description of the subject property is as follows:
Township of Van Buren, County of Wayne, State of Michigan;

Lot 3 and West 50 feet of Lot 4, Huron-Elwell Subdivision, according to the plat thereof as recorded in Liber 74 of Plats, Page 42, Wayne County Records.

IT IS FURTHER ORDERED that the above described Mortgage held by America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc., in the Chapter 13 Proceeding of the aforementioned Debtor shall be abrogated and null and void if the Debtors complete the Chapter 13 Plan and receive an order of discharge under 11 U.S.C. 1328(a).

IT IS FURTHER ORDERED that any proof of claim filed by Creditor Mortgage America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc., regarding the debt subject to the stripped mortgage shall now be treated as an allowed unsecured claim in this Chapter 13 case.

IT IS FURTHER ORDERED that in the event the aforementioned Debtors do not receive a Chapter 13 discharge under 11 U.S.C. 1328(a) and the case is either dismissed, the property is refinanced/sold, or converted to a Chapter 7 then the lien of America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, , as assignee of Mortgage Electronic Registration Systems, Inc., will be reinstated in full, minus any monies received in the Chapter 13 case.

IT IS FURTHER ORDERED that in the event the subject property is damaged and/or destroyed, Creditor shall be entitled to its full rights as loss payee with respect to any and all insurance proceeds and that Creditor shall have a security interest in said proceed up to the entire balance due on the mortgage.

IT IS FURTHER ORDERED that in the event that America's Servicing Company as servicing agent for US Bank National Association, as Trustee for the Structured Asset investment Loan Trust Series 2005-HE3, as assignee of Mortgage Electronic Registration Systems, Inc., does not execute and deliver to the Debtor's any termination statement, or other document that is or may be required to by law to release and discharge the Second Mortgage, the Debtor shall be permitted to use the attached Consent Order along with the Order of Discharge as authorization for termination and release of the Second Mortgage.

**Signed on June 05, 2012**

_/s/ Steven Rhodes_

**Steven Rhodes**
**United States Bankruptcy Judge**